**Fill in this information to identify the case:**

Debtor name _____Corona Sable Ridge LLC_____

United States Bankruptcy Court for the: _____Northern District of Texas_____

                                (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals      12/15

---

**Part 1:**   **Summary of Assets**

---

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B* ............................................    $ _____0.00_

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B*........................................    $ _____0.00_

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B* ..........................................    $ _____0.00_

---

**Part 2:**   **Summary of Liabilities**

---

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ...............................    $ __30,000,342.00_

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 6a of *Schedule E/F*......................................    $ _____0.00_

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*.............................................    +$ __45,000.00_

4. **Total liabilities** ...........................................................................................................................
   Lines 2 + 3a + 3b                 $ __30,045,342.00_

**Fill in this information to identify the case:**

Debtor name ___Corona Sable Ridge LLC___

United States Bankruptcy Court for the: ___Northern District of Texas___

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:     Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**     $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. _____ | _____ | ____ ____ ____ ____ | $_____ |
| 3.2. _____ | _____ | ____ ____ ____ ____ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____     $_____

   4.2. _____     $_____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $_____

## Part 2:     Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____     $_____

   7.2. _____     $_____

Debtor ____Corona Sable Ridge LLC_____  Case number *(if known)*_____
        Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

     Description, including name of holder of prepayment

     8.1._____  $_____

     8.2._____  $_____

9. **Total of Part 2.**

     Add lines 7 through 8. Copy the total to line 81.  $_____

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

     ☑ No. Go to Part 4.

     ☐ Yes. Fill in the information below.

                                 **Current value of debtor's interest**

11. **Accounts receivable**

     11a. 90 days old or less:  _____ – _____ = ....... ➔  $_____
                           face amount      doubtful or uncollectible accounts

     11b. Over 90 days old:  _____ – _____ = ....... ➔  $_____
                           face amount      doubtful or uncollectible accounts

12. **Total of Part 3**

     Current value on lines 11a + 11b = line 12. Copy the total to line 82.  $_____

## Part 4: Investments

13. **Does the debtor own any investments?**

     ☑ No. Go to Part 5.

     ☐ Yes. Fill in the information below.

                       **Valuation method used for current value**    **Current value of debtor's interest**

14. **Mutual funds or publicly traded stocks not included in Part 1**

     Name of fund or stock:

     14.1._____  _____  $_____

     14.2._____  _____  $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

     Name of entity:                    % of ownership:

     15.1._____  _____%  _____  $_____

     15.2._____  _____%  _____  $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

     Describe:

     16.1._____  _____  $_____

     16.2._____  _____  $_____

17. **Total of Part 4**

     Add lines 14 through 16. Copy the total to line 83.  $_____

---

Debtor ___Corona Sable Ridge LLC___
                Name

Case number *(if known)*_____

---

**Part 5:** **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | ___/___/___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | ___/___/___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | ___/___/___ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | ___/___/___ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor     Corona Sable Ridge LLC
           _____
           Name

Case number (if known)_____

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____   Valuation method _____   Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |

42. **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | | | |
|---|---|---|---|
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | · $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor _____
Corona Sable Ridge LLC
Name

Case number (*if known*)_____

---

## Part 8:  Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49.  Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor ___Corona Sable Ridge LLC_____    Case number (if known)_____
            Name

---

## Part 9:   Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 See Schedule A/B Part 9, Question 55 Attachment | fee simple | $_____ | _____ | Unknown $_____ |
| 55.2 | | $_____ | _____ | $_____ |
| 55.3 | | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 0.00 _____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** _____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites** _____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties** _____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations** _____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property** _____ | $_____ | _____ | $_____ |
| 65. **Goodwill** _____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

---

Debtor  Corona Sable Ridge LLC
_____
Name

Case number (if known)_____

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = ➔ $_____
                           Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   $_____
_____   Tax year _____   $_____
_____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____   $_____

Nature of claim      _____

Amount requested     $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

Nature of claim      _____

Amount requested     $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed**  Examples: Season tickets, country club membership

_____   $_____

_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor ___Corona Sable Ridge LLC_____ Case number *(if known)*_____
   Name

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ................................➜ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ............91a. | $ 0.00 | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. 0.00 ................................................................. $ 0.00

---

**Schedule A/B Part 9, Question 55 Attachment**

## MULTIPLE UNIMPROVED HOME BUILDING LOTS
### Legal Description

### PHASE 1- UNIT 3-A LOTS IN SABLE RIDGE

LOTS 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273 AND 274, SABLE RIDGE SUBDIVISION UNIT 3-A, A PART OF THE EAST HALF OF THE SOUTHEAST QUARTER AND A PART OF THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 19, 2005 AS DOCUMENT NO. 2005-00032196, IN KENDALL COUNTY, ILLINOIS.

### PHASE 2 LOTS IN SABLE RIDGE

LOTS 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 658 AND 659, SABLE RIDGE SUBDIVISION UNIT 5, A PART OF THE SOUTHWEST QUARTER AND OF THE WEST HALF OF THE SOUTHEAST QUARTER OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 3, 2006 AS DOCUMENT NO. 2006-00035712, IN KENDALL COUNTY, ILLINOIS.

LOTS 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 AND 27 **AND LOTS 125 TO 184** IN SABLE RIDGE SUBDIVISION UNIT 7, A PART OF THE SOUTH HALF OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 3, 2006 AS DOCUMENT NO. 2006-00035710, IN KENDALL COUNTY, ILLINOIS.

### Court Outlots

OUTLOT A (FORUM COURT), OUTLOT B (SPAULDING COURT), AND OUTLOT C (AZALEA COURT) IN SABLE RIDGE SUBDIVISION UNIT 7, A PART OF THE SOUTH HALF OF SECTION 2, TOWNSHIP 35 NORTH, RANGE 8 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 3, 2006 AS DOCUMENT NO. 2006-00035710, IN KENDALL COUNTY, ILLINOIS.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Corona Sable Ridge LLC |
| United States Bankruptcy Court for the: | Northern District of Texas |
| Case number (If known): | |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1**
**Creditor's name**
City of Joliet

**Creditor's mailing address**
150 West Jefferson St.
Joliet, IL 60432

**Creditor's email address, if known**

**Date debt was incurred** 12/08/2010
**Last 4 digits of account number** 0000
**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor,

**Describe debtor's property that is subject to a lien**
Lot 914 Sable Ridge Unit 6

$ 118.00          $ Unknown

**Describe the lien**
Statutory

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**2.2**
**Creditor's name**
City of Joliet

**Creditor's mailing address**
150 West Jefferson St.
Joliet, IL 60432

**Creditor's email address, if known**

**Date debt was incurred** 05/11/2011
**Last 4 digits of account number** 0000
**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
Lot 480, Unit 4, Sable Ridge

$119.00          $Unknown

**Describe the lien**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ 30,000,342.00

Debtor _____Corona Sable Ridge LLC_____
       Name

Case number *(if known)* _____

| **Part 1:** | **Additional Page** | *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.3** **Creditor's name**
City of Joliet
_____

**Creditor's mailing address**

150 West Jefferson St.
Joliet, IL 60432
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** __05/11/2011__
**Last 4 digits of account number** __0000__

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.

_____

    ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Lot 480, Unit 4, Sable Ridge

$105.00     $_____

**Describe the lien**

Statutory
_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

---

**2.4** **Creditor's name**
See Attached Schedule D: Part 1
_____

**Creditor's mailing address**
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____
**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
    ☒ No. Specify each creditor, including this creditor, and its relative priority.

See Attached Schedule D: Part 1, 0th; See Attached Schedule D:

    ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

See Schedule A/B Part 9, Question 55 Attachment

$ Unknown     $ Unknown

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor _____
Corona Sable Ridge LLC
Name

Case number *(if known)*_____

| **Part 1:** | **Additional Page** | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral. | **Column B**<br>**Value of collateral**<br>**that supports this**<br>**claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.5** **Creditor's name**
See Attached Schedule D: Part 1

_____

**Creditor's mailing address**

_____

_____

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   
```
┌─────────────────────────────────┐
│                                 │
└─────────────────────────────────┘
```

   ☑ Yes. The relative priority of creditors is specified on lines 2.4

**Describe debtor's property that is subject to a lien**

See Schedule A/B Part 9, Question 55 Attachment

$ Unknown

$ Unknown

**Describe the lien**
Statutory

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.6** **Creditor's name**
Ullico Casualty Company in Liquidation

_____

**Creditor's mailing address**

c/o Delaware Insurance Dept, Bureau of Li
704 N King ST., Ste. 602, Wilmington, DE 1

**Creditor's email address, if known**

_____

**Date debt was incurred** 09/27/2010

**Last 4 digits of account number** _____

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   
```
┌─────────────────────────────────┐
│                                 │
└─────────────────────────────────┘
```

   ☑ Yes. The relative priority of creditors is specified on lines 2.4

**Describe debtor's property that is subject to a lien**

See Schedule A/B Part 9, Question 55 Attachment

$ 30,000,000.00

$ Unknown

**Describe the lien**
Agreement you made

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☐ Disputed

---

Debtor **Corona Sable Ridge LLC**
_____
Name

Case number *(if known)*_____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Brazos Tax Group, LLP<br>930 W. 1st Street<br>Fort Worth, TX, 76102-2708 | Line 2. _4_ | _____ |
| KENDALL COUNTY TAX COLLECTOR<br>111 WEST FOX STREET<br>Yorkville, IL, 60560 | Line 2. _5_ | _____ |
| See Attached Schedule D: Part 2 | Line 2. _6_ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |
| | Line 2. ___ | _____ |

ATTACHMENT SCHEDULE D: Part 2

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("Mortgage") made as of the 27th day of September, 2010, by and between CORONA SABLE RIDGE LLC, a Delaware limited liability company ("Mortgagor") and ULLICO CASUALTY COMPANY ("Mortgagee"), recorded on September 30, 2010, Kendall County, Illinois, Recordation No. 201000017583. Real estate collateral is specified in the Mortgage, and the Mortgage was to secure up to $30,000,000 in obligations from various referenced bonds.

On May 30, 2013, Ullico Casualty Company, a Delaware domestic property and casualty insurance company was ordered liquidated by the Court of Chancery of the State of Delaware (the "Court"). A copy of the Notice of Liquidation is attached hereto. A copy of the May 30, 2013, Liquidation and Injunction Order With Bar Date entered by the Court is attached hereto.



KAREN WELDIN STEWART, CIR-ML
INSURANCE COMMISSIONER
AS RECEIVER

GEORGE J. PICCOLI
DEPUTY RECEIVER

## State of Delaware

## Department of Insurance

### Bureau of Rehabilitation and Liquidation

## NOTICE OF LIQUIDATION OF ULLICO CASUALTY COMPANY; NOTICE OF CANCELLATION OF ALL INSURANCE POLICIES ISSUED BY ULLICO CASUALTY COMPANY; AND NOTICE OF BAR DATE FOR FILING CLAIMS

### *PLEASE READ THE ENCLOSED DOCUMENTS CAREFULLY AS YOUR RIGHTS MIGHT BE AFFECTED!*

On May 30, 2013, Ullico Casualty Company, a Delaware domestic property and casualty insurance company ("ULLICO CASUALTY") was ordered liquidated by the Court of Chancery of the State of Delaware (the "Court"). The Honorable Karen Weldin Stewart, CIR-ML, Insurance Commissioner of the State of Delaware, is the court appointed statutory Receiver of ULLICO CASUALTY. The Receiver appointed George J. Piccoli as the Deputy Receiver to carry out the responsibilities of the Receiver with respect to the liquidation of Ullico Casualty. A copy of the Liquidation and Injunction Order with Bar Date (the "Order") is enclosed. The Order, and all subsequent proceedings concerning ULLICO CASUALTY, will be conducted in accordance with Chapter 59 of the Delaware Code (18 *Del. C.* § 5901 *et seq).*

ULLICO CASUALTY was licensed in May 1979, and was headquartered in Washington, DC, and Silver Springs, MD. The company wrote Workers' Compensation, Fidelity/Surety, Fiduciary Liability, Professional Liability, Commercial Auto, and Commercial Multi-Peril policies or contracts in forty-eight (48) States. Pursuant to the Order, all persons or entities are enjoined from instituting or further prosecuting any action at law or in equity, or proceeding with any pretrial conference, trial, application for judgment, or proceedings on judgment or settlements and such action at law, in equity, special, or other proceedings in which ULLICO CASUALTY is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date of the Order. All persons or entities having in their possession Assets or possible Assets are enjoined from transacting any business of, or on behalf of, ULLICO CASUALTY or selling transferring, destroying, wasting, encumbering, or disposing of any of the Assets, without the prior written permission of the Receiver or upon further Order of the Court. All persons holding Assets of, or on behalf of, ULLICO CASUALTY, are directed to comply with Paragraphs 9 and 10 of the Order. All persons are required to fully comply with the terms of the Order.

704 N King ST., Ste. 602, Wilmington, DE 19801
1-800-218-1044 ♦ (302) 482-2576
(302) 577-1212 fax

POLICY CANCELLATION:  As set forth in Paragraph 14 of the Liquidation and Injunction Order with Bar Date, all insurance policies, surety bonds, and contracts of insurance issued by ULLICO CASUALTY, whether issued in the State of Delaware or elsewhere, in effect as the date of the Liquidation and Injunction Order with Bar Date shall only continue in force until the *earlier* of the following events:  (i) the stated expiration or termination date and time of the insurance policy, surety bond, or contract of insurance; (ii) the effective date and time of cancellation of the insurance policy, surety bond, or contract of insurance pursuant to a notice of cancellation which cancels such insurance policy, surety bond, or contract of insurance at any time prior to 12:01 a.m. on the thirty first (31st) day after entry of the Liquidation and Injunction Order with  Bar Date; (iii) the effective date and time of a replacement insurance policy, surety bond, or contract of insurance of the same type issued by another insurer regardless of whether the coverage is identical coverage; (iv) the effective date and time that the ULLICO CASUALTY insurance policy, surety bond, or contract of insurance obligation is transferred to another insurer or entity authorized by law to assume such obligation; or (v) the cancellation and termination for all purposes of the insurance policy, surety bond, or contract of insurance at 12:01 a.m. on the thirty first (31st) calendar day from the date of this Order pursuant to subparagraph 14(b) of the Order.

BAR DATE:  ANY AND ALL CLAIMS NOT FILED WITH THE RECEIVER ON OR BEFORE THE CLOSE OF BUSINESS ON JUNE 30, 2014 (THE "BAR DATE") SHALL BE BARRED FROM CLASSES III THROUGH VI AS THOSE CLASSES ARE DEFINED IN 18 *DEL. C.* §§5918(e)(3) THROUGH (e)(6) AND SHALL NOT RECEIVE ANY DISTRIBUTIONS FROM THE GENERAL ASSETS OF THE ESTATE OF ULLICO CASUALTY UNLESS AND UNTIL ASSETS BECOME AVAILABLE FOR A DISTRIBUTION TO CLASS VII CLAIMANTS AS DEFINED IN 18 *DEL. C.* §5918(e)(7).   THIS BAR DATE SHALL SUPERSEDE ANY APPLICABLE STATUTES OF LIMITATIONS OR OTHER STATUTORY OR CONTRACTUAL TIME LIMITS WHICH HAVE NOT YET EXPIRED WHETHER ARISING UNDER DELAWARE LAW, UNDER THE APPLICABLE LAWS OF ANY OTHER JURISDICTION, OR UNDER A CONTRACT WITH ULLICO CASUALTY BUT SHALL ONLY APPLY TO CLAIMS AGAINST ULLICO CASUALTY IN THE LIQUIDATION PROCEEDINGS AND DOES NOT APPLY TO, AND EXCLUDES, CLAIMS BROUGHT BY ULLICO CASUALTY.  ALL CLAIMANTS SHALL ATTACH TO SUCH PROOF OF CLAIM DOCUMENTATION SUFFICIENT TO SUPPORT SUCH CLAIM. FOR NON-CONTINGENT CLAIMS, THE FILED CLAIMS SHALL NOT BE REQUIRED TO BE LIQUIDATED AND ABSOLUTE ON OR BEFORE THE BAR DATE SET FORTH HEREIN. CONTINGENT AND UNLIQUIDATED CLAIMS THAT ARE PROPERLY FILED WITH THE RECEIVER IN ACCORDANCE WITH THIS ORDER SHALL ONLY BE ELIGIBLE TO SHARE IN A DISTRIBUTION OF THE ASSETS OF ULLICO CASUALTY IN ACCORDANCE WITH 18 *DEL. C.* §5928.

If You Have Any Questions:   Until further notice, policyholders, claimants, agents, brokers, attorneys, and other persons with questions regarding ULLICO CASUALTY in LIQUIDATION should visit the website at:  **http://delawareinsurance.gov/departments/berg/ rehab_bureau.shtml**.  (Please note that there is an underline between the words "rehab" and "bureau" in the website address.);  Call **1-800-218-1044**; or Contact the Deputy Receiver directly as follows:

ULLICO CASUALTY COMPANY IN LIQUIDATION
c/o Delaware Insurance Department, Bureau of Rehabilitation and Liquidation
704 N. King Street, Suite 602, Wilmington, DE 19801

_George J. Piccoli, Deputy Receiver_

**EFiled: May 30 2013 05:32PM EDT**
**Transaction ID 52543980**
**Case No. 8392-VCN**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN THE MATTER OF THE )
REHABILITATION OF ) C.A. No. 8392-VCN
ULLICO CASUALTY COMPANY )

## LIQUIDATION AND INJUNCTION ORDER WITH BAR DATE

WHEREAS, the Honorable Karen Weldin Stewart, CIR-ML, Insurance Commissioner of the State of Delaware, in her capacity as the Receiver (the "Receiver") of Ullico Casualty Company ("ULLICO CASUALTY"), has filed a petition (the "Petition") seeking the entry of a Liquidation and Injunction Order concerning ULLICO CASUALTY pursuant to 18 *Del. C.* §5901, *et seq.*;

WHEREAS, the Receiver was appointed as such by this Court's Rehabilitation and Injunction Order dated March 11, 2013;

WHEREAS, the Receiver has provided the Court with evidence sufficient to support the conclusion that: (a) ULLICO CASUALTY remains impaired, insolvent, in unsound condition,  and in such condition as to render its further transaction of insurance presently or prospectively hazardous to its policyholders and that further efforts to rehabilitate ULLICO CASUALTY would be useless; (b) the Receiver consents to the entry of a Liquidation and Injunction Order; and (c) liquidation is in the best interests of the ULLICO CASUALTY policyholders, principals, obligees, other ULLICO CASUALTY creditors, and the general public;

WHEREAS, this Court finds that sufficient cause exists for the liquidation of ULLICO CASUALTY, pursuant to 18 *Del. C.* §§5905, 5906, and 5910(b) and for the entry of a Liquidation and Injunction Order with Bar Date concerning ULLICO CASUALTY; and

WHEREAS, a formal hearing on the Commissioner's Verified Petition for Entry of Liquidation and Injunction Order with Bar Date ("Liquidation Petition") is not necessary due to the fact that all assets are already titled in the name of the Receiver and the Court adopts the Receiver's determination that ULLICO CASUALTY should be liquidated;

NOW, THEREFORE, IT IS HEREBY ORDERED BY THE COURT as follows:

1.    By this Court's March 11, 2013, Rehabilitation and Injunction Order, ULLICO CASUALTY was declared impaired, insolvent, in unsound condition, and in such condition as to render its further transaction of insurance presently or prospectively hazardous to its policyholders, and this Court finds that the impairment, insolvency, unsound condition, and hazardous condition continues to exist.  This Court finds that ULLICO CASUALTY is insolvent, that further efforts to rehabilitate ULLICO CASUALTY would be useless, and that an order of liquidation is appropriate pursuant to 18 *Del. C.* §§5905, 5906, and 5910(b).

2.     Pursuant to 18 *Del. C.* §5911, the appointment of the Commissioner and her successors in office as the Receiver of ULLICO CASUALTY is hereby continued.

3.     Pursuant to 18 *Del. C.* §5911, the Receiver shall forthwith take and continue possession of the property of ULLICO CASUALTY, liquidate its business, and deal with ULLICO CASUALTY's property and business in the name of the Commissioner or in the name of ULLICO CASUALTY. Further, the Receiver shall take and continue to control and be vested and continue to be vested with all right, title, and interest in, of, and to the property of ULLICO CASUALTY including, without limitation, all of ULLICO CASUALTY's assets, contracts, rights of action, books, records, bank accounts, certificates of deposits, collateral and rights to collateral of ULLICO CASUALTY, securities or other funds, and all real or personal property of any nature of ULLICO CASUALTY, including, without limitation, all proceeds or accessions to any of the foregoing, wherever located, in the possession, custody, or control of ULLICO CASUALTY or any trustee, bailee, or any agent acting for or on behalf of ULLICO CASUALTY (collectively, the "Assets").

3

4. If the Receiver has not already done so, the Receiver may change to her own name as Receiver, the name of any of ULLICO CASUALTY's accounts, funds, or other Assets held with any bank, savings and loan association, or other financial institution, and may withdraw such funds, accounts, and other Assets from such institutions or take any lesser action necessary for the proper conduct of this liquidation.

5. The Receiver is further authorized to take such actions as the nature of this cause and interests of the policyholders, principals, obligees, claimants, creditors, and stockholder of ULLICO CASUALTY and the public may require in accordance with 18 *Del. C.* ch. 59.

6. The Receiver is hereby authorized to continue to deal with the Assets, business, and affairs of ULLICO CASUALTY including, without limitation, the right to sue, defend, and continue to prosecute suits or actions already commenced by or for ULLICO CASUALTY, or for the benefit of ULLICO CASUALTY's policyholders, principals, obligees, claimants, cedants, creditors, and stockholders in the courts, tribunals, agencies, or arbitration panels for this State and other states and jurisdictions in her name as the Insurance Commissioner of the State of Delaware in her capacity as the Receiver of ULLICO CASUALTY.

7. Pursuant to the March 11, 2013, Rehabilitation and Injunction Order and continuing through this Liquidation and Injunction Order, the Receiver is vested with the right, title, and interest in and to all funds

4

recoverable under treaties and agreements of reinsurance heretofore entered into by ULLICO CASUALTY as the ceding insurer or as the assuming insurer, and all reinsurance companies involved with ULLICO CASUALTY are enjoined and restrained from making any settlements with any claimant or policyholder of ULLICO CASUALTY other than with the express written consent of the Commissioner as Receiver, except as permitted by cut-through agreements or endorsements which were issued to the policyholder, which were properly executed before the date of this Petition, which comply in all respects with 18 *Del. C.* §914, as amended by 72 *Del. Laws* c. 405, and which were approved by the Delaware Insurance Department if such approval was required. The amounts recoverable by the Receiver from any reinsurer of ULLICO CASUALTY shall not be reduced or diminished as a result of this receivership proceeding or by reason of any partial payment or distribution on a reinsured policy, contract, or claim, and each such reinsurer of ULLICO CASUALTY is hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy, reinsurance contract, or letter of credit. The Receiver may terminate, cancel, or rescind any reinsurance policy or contract that is contrary to the best interests of the receivership.

5

8. All persons or entities that have in their possession Assets or possible Assets and/or that have notice of these proceedings or of this Order are, and continue to be, enjoined and restrained from transacting any business of, or on behalf of, ULLICO CASUALTY or selling, transferring, destroying, wasting, encumbering, or disposing of any of the Assets, without the prior written permission of the Commissioner or until further Order of this Court. This prohibition includes, without limitation, Assets or possible Assets pertaining to any business transaction between ULLICO CASUALTY and any of said parties. No actions concerning, involving, or relating to such Assets or possible Assets may be taken by any of the aforesaid persons or entities enumerated herein, without the express written consent of the Receiver, or until further Order of this Court.

9. Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets of, or on behalf of, ULLICO CASUALTY shall file with the Receiver within ten (10) calendar days of the entry of this Order an accounting of those Assets, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets.

10. Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets of, or on behalf of, ULLICO CASUALTY shall within ten (10) calendar days of the entry of this Order, turn those Assets over to the Receiver.

11. All persons and entities that have notice of these proceedings or of this Order are hereby prohibited from instituting or further prosecuting any action at law or in equity, including but not limited to any arbitration or mediation, or other proceedings against ULLICO CASUALTY, the Commissioner as Receiver, the Deputy Receiver(s), or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments, or other like liens or encumbrances, or foreclosing upon or making any levy against ULLICO CASUALTY or the Assets, or exercising any right adverse to the right of ULLICO CASUALTY to or in the Assets, or in any way interfering with the Receiver, the Deputy Receiver(s), or the Designees either in their possession and control of the Assets or in the discharge of their duties hereunder.

12. All persons or entities that have notice of these proceedings or of this Order, are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity, including but not limited to any arbitration or mediation, or other proceeding with any pretrial conference, trial, application for judgment, or proceedings on judgment or

7

settlements and such action at law, in equity, special, or other proceedings in which ULLICO CASUALTY is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof.

13.     All persons and entities are hereby enjoined and restrained from asserting any claim against ULLICO CASUALTY, the Commissioner as Receiver of ULLICO CASUALTY, the Deputy Receiver(s), or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of ULLICO CASUALTY.

14.     (a)     **All insurance policies, surety bonds, and contracts of insurance issued by ULLICO CASUALTY, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation and Injunction Order with Bar Date shall only continue in force until the *earlier* of the following events:  (i) the stated expiration or termination date and time of the insurance policy, surety bond, or contract of insurance; (ii) the effective date and time of cancellation of the insurance policy, surety bond, or contract of insurance pursuant to a notice of cancellation which cancels such insurance policy, surety bond, or contract of insurance at any time prior to 12:01 a.m. on the thirty first (31st) day after entry of the Liquidation and Injunction Order with  Bar Date; (iii) the effective**

8

date and time of a replacement insurance policy, surety bond, or contract of insurance of the same type issued by another insurer regardless of whether the coverage is identical coverage; (iv) the effective date and time that the ULLICO CASUALTY insurance policy, surety bond, or contract of insurance obligation is transferred to another insurer or entity authorized by law to assume such obligation; or (v) the cancellation and termination for all purposes of the insurance policy, surety bond, or contract of insurance at 12:01 a.m. on the thirty first (31st) calendar day from the date of this Order pursuant to subparagraph 14(b) below.

(b)     Except for those insurance policies, surety bonds, or contracts of insurance which expire or are cancelled or terminated earlier as set forth in subparagraph 14(a)(i) through (iv) above, all insurance policies, surety bonds, or contracts of insurance issued by ULLICO CASUALTY, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation and Injunction Order with Bar Date, are hereby cancelled and terminated for all purposes as of 12:01 a.m. on the thirty first (31st) calendar day following the date of this Liquidation and Injunction Order with Bar Date. For purposes of this paragraph 14, even if the thirty first (31st) calendar day following the date of this Liquidation and Injunction Order with Bar Date is a Saturday, Sunday, or holiday, the insurance

9

policy, surety bond, or contract of insurance shall be cancelled and terminated as of 12:01 a.m. on the thirty first (31st) calendar day following the date of this Liquidation and Injunction Order with Bar Date. The Receiver shall notify promptly all policyholders, principals, or obligees as applicable of such policy, surety bond, or contract cancellation and termination by United States first class mail at the last known address of such policyholders, principals, or obligees.

15. Pursuant to 18 *Del. C.* §5924, the rights and liabilities of ULLICO CASUALTY and of its creditors, policyholders, principals, obligees, claimants, stockholders, members, subscribers, and all other persons interested in its estate shall, unless otherwise directed by the Court, be fixed as of the date this Liquidation and Injunction Order with Bar Date is docketed, subject to the provisions of Chapter 59 of Title 18 of the Delaware Code with respect to the rights of claimants holding contingent claims.

16. ANY AND ALL CLAIMS NOT FILED WITH THE RECEIVER ON OR BEFORE THE CLOSE OF BUSINESS ON JUNE 30, 2014 (THE "BAR DATE") SHALL BE BARRED FROM CLASSES III THROUGH VI AS THOSE CLASSES ARE DEFINED IN 18 *DEL. C.* §§5918(e)(3) THROUGH (e)(6) AND SHALL NOT RECEIVE ANY DISTRIBUTIONS FROM THE GENERAL ASSETS OF THE ESTATE OF ULLICO CASUALTY UNLESS AND UNTIL ASSETS BECOME AVAILABLE FOR A

10

DISTRIBUTION TO CLASS VII CLAIMANTS AS DEFINED IN 18 *DEL. C.* §5918(e)(7). THIS BAR DATE SHALL SUPERSEDE ANY APPLICABLE STATUTES OF LIMITATIONS OR OTHER STATUTORY OR CONTRACTUAL TIME LIMITS WHICH HAVE NOT YET EXPIRED WHETHER ARISING UNDER DELAWARE LAW, UNDER THE APPLICABLE LAWS OF ANY OTHER JURISDICTION, OR UNDER A CONTRACT WITH ULLICO CASUALTY BUT SHALL ONLY APPLY TO CLAIMS AGAINST ULLICO CASUALTY IN THE LIQUIDATION PROCEEDINGS AND DOES NOT APPLY TO, AND EXCLUDES, CLAIMS BROUGHT BY ULLICO CASUALTY. ALL CLAIMANTS SHALL ATTACH TO SUCH PROOF OF CLAIM DOCUMENTATION SUFFICIENT TO SUPPORT SUCH CLAIM.

FOR NON-CONTINGENT CLAIMS, THE FILED CLAIMS SHALL NOT BE REQUIRED TO BE LIQUIDATED AND ABSOLUTE ON OR BEFORE THE BAR DATE SET FORTH HEREIN.

CONTINGENT AND UNLIQUIDATED CLAIMS THAT ARE PROPERLY FILED WITH THE RECEIVER IN ACCORDANCE WITH THIS ORDER SHALL ONLY BE ELIGIBLE TO SHARE IN A DISTRIBUTION OF THE ASSETS OF ULLICO CASUALTY IN ACCORDANCE WITH 18 *DEL. C.* §5928.

11

17.     Within sixty (60) calendar days after docketing of this Order, or as soon as possible after an interested party or potential creditor subsequently becomes known to the Receiver, the Receiver shall serve a copy of this Liquidation and Injunction Order With Bar Date, a copy of the Notice of Liquidation substantially in the form appended to the Petition as Exhibit B, a proof of claim form substantially in the form appended to the Petition as Exhibit C, and the instructions for the proof of claim form substantially in the form appended to the Petition as Exhibit D, on all interested parties, all known potential creditors, all current and former stockholders of ULLICO CASUALTY, all former Board members of the ULLICO CASUALTY, its third party adjusters, its managing general underwriters, its brokers, its agents, its reinsurer(s), and any reinsurance intermediaries, all other known vendors, all state insurance guaranty associations providing coverage for the lines of business written by ULLICO CASUALTY, and all State Insurance Commissioners by United States first class mail, postage prepaid, provided that in the Receiver's discretion such notice may be mailed instead by United States first class certified mail, return receipt requested, or other United States mail providing proof of mailing, to such interested party or potential creditor's last known address in the company's files.

18. Within sixty (60) calendar days after docketing of this Order, the Receiver shall also publish a legal notice, substantially in the form of the legal notice attached as Exhibit E to the Petition, concerning the entry of the Liquidation and Injunction Order with Bar Date, the June 1, 2014, Bar Date, and the proof of claim requirements one time in a news publication of general circulation in the capital cities of the following states: California, Florida, Illinois, Michigan, New Jersey, New York, and Texas, together with the *Los Angeles Times*, the *New York Times*, and such other news publications of general circulation as the Receiver in her discretion deems appropriate to provide notice to such parties.

19. Within thirty (30) calendar days after docketing of this Order, the Receiver shall also publish this Liquidation and Injunction Order with Bar Date, the Notice of Liquidation, the proof of claim form, and the instructions to the proof of claim form on the Delaware Department of Insurance website at the link referenced in the Receiver's Petition.

20. Pursuant to the provisions of 18 Del. C. §§5904(b) and 5928(c), no judgment against ULLICO CASUALTY and/or one or more of its insureds taken after the date of entry of this Liquidation and Injunction Order with Bar Date shall be considered in the liquidation proceedings as evidence of liability or of the amount of damages, and no judgment against ULLICO CASUALTY and/or one or more of its insureds taken by default or by collusion prior to the entry of the Liquidation and

13

Injunction Order with Bar Date shall be considered as conclusive evidence in the liquidation proceedings, either of the liability of ULLICO CASUALTY and/or one or more of its insureds to such person or entity upon such cause of action or of the amount of damages to which such person or entity is therein entitled.

21.   The Receiver shall submit claim Recommendation Reports to the Court within a reasonable time after the Receiver's investigation concerning all claims submitted by a particular claimant has been completed.

22.   The filing or recording of this Order or a certified copy hereof with the Register in Chancery and with the recorder of deeds of the jurisdiction in which ULLICO CASUALTY's corporate and administrative offices are located or, in the case of real estate or other recorded property interests, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale, or other evidence of title duly filed or recorded with that recorder of deeds.  Without limiting the foregoing, the filing of this Order with the Register in Chancery also constitutes notice to all sureties and fidelity bondholders of ULLICO CASUALTY of all potential claims against ULLICO CASUALTY under such policies and shall constitute the perfection

14

of a lien in favor of ULLICO CASUALTY under the Uniform Commercial Code or any like Federal or state law, regulation, or order dealing with the priority of claims.

23. The Receiver is hereby authorized to transfer some or all of ULLICO CASUALTY's Assets and liabilities to a separate affiliate or subsidiary for the overall benefit of ULLICO CASUALTY's policyholders, principals, obligees, creditors, and stockholder, subject to approval by this Court.

24. The Receiver may, in her discretion, reject any executory contract to which ULLICO CASUALTY is a party.

25. The Receiver may, in her discretion, appoint or continue the appointment of one or more consultants or other persons to serve as Deputy Receiver to assist the Receiver in accomplishing the directives of this Order. The Deputy Receiver(s) shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

26. The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants, and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Receiver, the Deputy Receiver(s), and the Designees and of taking

possession of ULLICO CASUALTY and conducting this receivership proceeding shall be paid out of the funds and assets of ULLICO CASUALTY as administrative expenses under 18 *Del. C.* § 5913(f). The Receiver may also retain or continue to retain those of ULLICO CASUALTY's current management personnel and other employees as Designees as she in her discretion determines would facilitate the liquidation of ULLICO CASUALTY. All such Designees shall be deemed to have agreed to submit disputes concerning their rights, obligations, and compensation in their capacity as Designees to this Court.

27. The Receiver, the Deputy Receiver(s), and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with their duties, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence, or criminal intent. All expenses, costs, and attorneys' fees incurred by the Indemnitees in connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver, except that in the event that the Receiver is the Indemnitee this Court's approval shall be required, and such expenses, costs, and attorneys' fees shall be exclusively paid out of the funds and assets of ULLICO CASUALTY. The Indemnitees in their capacities as such shall not be deemed to be employees of the State of Delaware.

28.     Hereafter the caption of this cause and all pleadings in this matter shall read as:

> "IN THE MATTER OF THE LIQUIDATION
> OF ULLICO CASUALTY COMPANY"

29.     This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, principals, obligees, claimants, creditors, stockholders of ULLICO CASUALTY, and the public may require. The Receiver, or any interested party upon notice to the Receiver, may at any time make application for such other and further relief as either sees fit.

SO ORDERED this 30th day of May, 2013.

_____
John W. Noble
Vice Chancellor

17

**Fill in this information to identify the case:**

Debtor     Corona Sable Ridge LLC

United States Bankruptcy Court for the:   Northern District of Texas

Case number
(if known)

☐ Check if this is an
    amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1**   Priority creditor's name and mailing address
See Attached Schedule E/F: Part 1

As of the petition filing date, the claim is: $ Unknown    $ _____
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Date or dates debt was incurred

_____

Last 4 digits of account
number   _____

**Basis for the claim:**
Taxes & Other Government Units

**Is the claim subject to offset?**
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) ( 8   )

**2.2**   Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

_____

Last 4 digits of account
number   _____

**Basis for the claim:**

**Is the claim subject to offset?**
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

**2.3**   Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

_____

Last 4 digits of account
number   _____

**Basis for the claim:**

**Is the claim subject to offset?**
☐ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a) (_____)

Debtor _____Corona Sable Ridge LLC_____ Case number (if known)_____
 Name

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1** **Nonpriority creditor's name and mailing address**
Bond Safeguard Insurance Company
900 S. Frontage Road, Suite 250
Woodridge, IL, 60517

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Performance bond 5036399

$ Unknown

Date or dates debt was incurred    12/28/2009
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

**3.2** **Nonpriority creditor's name and mailing address**
City of Joliet
150 West Jefferson St.
Joliet, IL, 60432

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** Unknown maintenance and other potential municipal obligations

$ Unknown

Date or dates debt was incurred    _____
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

**3.3** **Nonpriority creditor's name and mailing address**
Philadelphia Indemnity Insurance Company
251 S. Lake Ave., Suite 360
Pasadena, CA, 91101

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Performance Bond PB03010400779

$ Unknown

Date or dates debt was incurred    09/15/2012
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

**3.4** **Nonpriority creditor's name and mailing address**
Philadelphia Indemnity Insurance Company
251 S. Lake Ave., Suite 360
Pasadena, CA, 91101

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Performance bond PB03010400780

$ Unknown

Date or dates debt was incurred    09/15/2012
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

**3.5** **Nonpriority creditor's name and mailing address**
Philadelphia Indemnity Insurance Company
251 S. Lake Ave., Suite 360
Pasadena, CA, 91101

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Developer Indemnity Agreement

$ Unknown

Date or dates debt was incurred    05/22/2013
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

**3.6** **Nonpriority creditor's name and mailing address**
Sable Ridge Master Operating Association, Inc.
1115 Sable Ridge Drive
Joliet, IL, 60431-6124

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ 45,000.00

Date or dates debt was incurred    10/23/2020
Last 4 digits of account number    _____

Is the claim subject to offset?
☒ No
☐ Yes

Debtor ___Corona Sable Ridge LLC_____ Case number _(if known)_____
     Name

| Part 2: | Additional Page |
|---|---|

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.**7 **Nonpriority creditor's name and mailing address**

Sable Ridge Master Operating Association, Inc.
1115 Sable Ridge Drive
Joliet, IL, 60431-6124

$ _Unknown_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:** Obligations under that certain The Sable Ridge Master Operating Association, Inc., Declaration of Covenants, Conditions and Restrictions, and related agreements

**Is the claim subject to offset?**
☒ No
☐ Yes

Date or dates debt was incurred _____

Last 4 digits of account number _____

---

**3.____ Nonpriority creditor's name and mailing address**

$ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____ Nonpriority creditor's name and mailing address**

$ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____ Nonpriority creditor's name and mailing address**

$ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.____ Nonpriority creditor's name and mailing address**

$ _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred _____

Last 4 digits of account number _____

**Is the claim subject to offset?**
☐ No
☐ Yes

Debtor   Corona-Sable Ridge LLC
         _____
         Name

Case number *(if known)* _____

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1. | Compass Property Solutions, Inc.<br>PO Box 286<br>Itasca, IL, 60143 | Line 3.6<br>☐ Not listed. Explain: | _____ |
| 4.2. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.3. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.4. | | Line ____<br>☐ Not listed. Explain | _____ |
| 41. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.5. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.6. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.7. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.8. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.9. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.10. | | Line ____<br>☐ Not listed. Explain | _____ |
| 4.11. | | Line ____<br>☐ Not listed. Explain | _____ |

---

Debtor _____
Name

Case number (if known) _____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | | **Total of claim amounts** |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. | **+** | $ 45,000.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $ 45,000.00 |

| | Kendall County Tax Collector | 111 West Fox Street | Yorkville, IL 60560 | (630) 553-4124 |
|---|---|---|---|---|
| Year | Tax Account Number | Taxpayer | Address | Type |
| 2019 | | 902340002 CORONA SABLE RIDGE LLC, | 1001 DRAKE AVE JOLIET | Parcel |
| 2019 | | 902340003 CORONA SABLE RIDGE LLC, | 913 DRAKE AVE JOLIET | Parcel |
| 2019 | | 902340004 CORONA SABLE RIDGE LLC, | 911 DRAKE AVE JOLIET | Parcel |
| 2019 | | 902340005 CORONA SABLE RIDGE LLC, | 909 DRAKE AVE JOLIET | Parcel |
| 2019 | | 902340006 CORONA SABLE RIDGE LLC, | 907 DRAKE AVE JOLIET | Parcel |
| 2019 | | 902340007 CORONA SABLE RIDGE LLC, | 8311 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340008 CORONA SABLE RIDGE LLC, | 8401 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340009 CORONA SABLE RIDGE LLC, | 8403 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340010 CORONA SABLE RIDGE LLC, | 8405 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340011 CORONA SABLE RIDGE LLC, | 8407 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340012 CORONA SABLE RIDGE LLC, | 8409 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340013 CORONA SABLE RIDGE LLC, | 8411 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340014 CORONA SABLE RIDGE LLC, | 8413 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902340015 CORONA SABLE RIDGE LLC, | 814 SABLE RIDGE DR JOLIET | Parcel |
| 2019 | | 902341001 CORONA SABLE RIDGE LLC, | 8412 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902341002 CORONA SABLE RIDGE LLC, | 8410 HOMAN AVE JOLIET | Parcel |
| 2019 | | 902362001 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | | 902362002 CORONA SABLE RIDGE LLC, | 8505 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362003 CORONA SABLE RIDGE LLC, | 8507 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362004 CORONA SABLE RIDGE LLC, | 8509 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362005 CORONA SABLE RIDGE LLC, | 8511 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362006 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | | 902362007 CORONA SABLE RIDGE LLC, | 8422 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362008 CORONA SABLE RIDGE LLC, | 8420 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362009 CORONA SABLE RIDGE LLC, | 8418 AZALEA CT JOLIET | Parcel |
| 2019 | | 902362010 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | | 902362011 CORONA SABLE RIDGE LLC, | 8501 SPAULDING CT JOLIET | Parcel |
| 2019 | | 902362012 CORONA SABLE RIDGE LLC, | 8503 SPAULDING CT JOLIET | Parcel |
| 2019 | | 902362013 CORONA SABLE RIDGE LLC, | 8505 SPAULDING CT JOLIET | Parcel |
| 2019 | | 902362014 CORONA SABLE RIDGE LLC, | 8507 SPAULDING CT JOLIET | Parcel |
| 2019 | | 902362015 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | | 902362016 CORONA SABLE RIDGE LLC, | 8513 SPAULDING CT JOLIET | Parcel |

| | | | |
|---|---|---|---|
| 2019 | 902362017 CORONA SABLE RIDGE LLC, | 8515 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362018 CORONA SABLE RIDGE LLC, | 8517 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362019 CORONA SABLE RIDGE LLC, | 8519 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362020 CORONA SABLE RIDGE LLC, | 8521 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362021 CORONA SABLE RIDGE LLC, | 8523 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362022 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362023 CORONA SABLE RIDGE LLC, | 8529 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362024 CORONA SABLE RIDGE LLC, | 8531 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362025 CORONA SABLE RIDGE LLC, | 8533 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362026 CORONA SABLE RIDGE LLC, | 8535 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362027 CORONA SABLE RIDGE LLC, | 8537 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362028 CORONA SABLE RIDGE LLC, | 8539 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362029 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362030 CORONA SABLE RIDGE LLC, | 8528 SPAULDING  CT JOLIET | Parcel |
| 2019 | 902362031 CORONA SABLE RIDGE LLC, | 8526 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362032 CORONA SABLE RIDGE LLC, | 8524 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362033 CORONA SABLE RIDGE LLC, | 8522 SPAULDING  CT JOLIET | Parcel |
| 2019 | 902362034 CORONA SABLE RIDGE LLC, | 8520 SPAULDING  CT JOLIET | Parcel |
| 2019 | 902362035 CORONA SABLE RIDGE LLC, | 8518 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362036 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362037 CORONA SABLE RIDGE LLC, | 8512 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362038 CORONA SABLE RIDGE LLC, | 8510 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362039 CORONA SABLE RIDGE LLC, | 8508 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362040 CORONA SABLE RIDGE LLC, | 8506 SPAULDING CT JOLIET | Parcel |
| 2019 | 902362041 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362042 CORONA SABLE RIDGE LLC, | 8505 FORUM CT JOLIET | Parcel |
| 2019 | 902362043 CORONA SABLE RIDGE LLC, | 8507 FORUM CT JOLIET | Parcel |
| 2019 | 902362044 CORONA SABLE RIDGE LLC, | 8509 FORUM CT JOLIET | Parcel |
| 2019 | 902362045 CORONA SABLE RIDGE LLC, | 8511 FORUM CT JOLIET | Parcel |
| 2019 | 902362046 CORONA SABLE RIDGE LLC, | 8513 FORUM CT JOLIET | Parcel |
| 2019 | 902362047 CORONA SABLE RIDGE LLC, | 8515 FORUM CT JOLIET | Parcel |
| 2019 | 902362048 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362049 CORONA SABLE RIDGE LLC, | 8517 FORUM CT JOLIET | Parcel |
| 2019 | 902362050 CORONA SABLE RIDGE LLC, | 8519 FORUM CT JOLIET | Parcel |

| 2019 | 902362051 CORONA SABLE RIDGE LLC, | 8521 FORUM CT JOLIET | Parcel |
|------|-----------------------------------|----------------------|--------|
| 2019 | 902362052 CORONA SABLE RIDGE LLC, | 8523 FORUM CT JOLIET | Parcel |
| 2019 | 902362053 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902362054 CORONA SABLE RIDGE LLC, | 8520 FORUM CT JOLIET | Parcel |
| 2019 | 902362055 CORONA SABLE RIDGE LLC, | 8518 FORUM CT JOLIET | Parcel |
| 2019 | 902362056 CORONA SABLE RIDGE LLC, | 8516 FORUM CT JOLIET | Parcel |
| 2019 | 902362057 CORONA SABLE RIDGE LLC, | 8514 FORUM CT JOLIET | Parcel |
| 2019 | 902362058 CORONA SABLE RIDGE LLC, | 8512 FORUM CT JOLIET | Parcel |
| 2019 | 902362059 CORONA SABLE RIDGE LLC, | 8510 FORUM CT JOLIET | Parcel |
| 2019 | 902375001 CORONA SABLE RIDGE LLC, | | Parcel |
| 2019 | 902375002 CORONA SABLE RIDGE LLC, | 8413 AZALEA CT JOLIET | Parcel |
| 2019 | 902375003 CORONA SABLE RIDGE LLC, | 8415 AZALEA CT JOLIET | Parcel |
| 2019 | 902375004 CORONA SABLE RIDGE LLC, | 8417 AZALEA CT JOLIET | Parcel |
| 2019 | 902375005 CORONA SABLE RIDGE LLC, | 8419 AZALEA CT JOLIET | Parcel |
| 2019 | 902375006 CORONA SABLE RIDGE LLC, | 8421 AZALEA CT JOLIET | Parcel |
| 2019 | 902375007 CORONA SABLE RIDGE LLC, | 8423 AZALEA CT JOLIET | Parcel |
| 2019 | 902375008 CORONA SABLE RIDGE LLC, | 8501 AZALEA CT JOLIET | Parcel |
| 2019 | 902375009 CORONA SABLE RIDGE LLC, | 8503 AZALEA CT JOLIET | Parcel |
| 2019 | 902376001 CORONA SABLE RIDGE LLC, | 8412 AZALEA CT JOLIET | Parcel |
| 2019 | 902376002 CORONA SABLE RIDGE LLC, | 8414 AZALEA CT JOLIET | Parcel |
| 2019 | 902376003 CORONA SABLE RIDGE LLC, | 8416 AZALEA  CT JOLIET | Parcel |
| 2019 | 902407001 CORONA SABLE RIDGE LLC, | 1000 DRAKE AVE JOLIET | Parcel |
| 2019 | 902407002 CORONA SABLE RIDGE LLC, | 8310 HARRIER AVE JOLIET | Parcel |
| 2019 | 902407003 CORONA SABLE RIDGE LLC, | 8308 HARRIER AVE JOLIET | Parcel |
| 2019 | 902407004 CORONA SABLE RIDGE LLC, | 8306 HARRIER AVE JOLIET | Parcel |
| 2019 | 902407005 CORONA SABLE RIDGE LLC, | 8304 HARRIER AVE JOLIET | Parcel |
| 2019 | 902407006 CORONA SABLE RIDGE LLC, | 8303 HOMAN AVE JOLIET | Parcel |
| 2019 | 902407007 CORONA SABLE RIDGE LLC, | 906 DRAKE AVE JOLIET | Parcel |
| 2019 | 902407008 CORONA SABLE RIDGE LLC, | 908  DRAKE AVE JOLIET | Parcel |
| 2019 | 902407009 CORONA SABLE RIDGE LLC, | 910 DRAKE AVE JOLIET | Parcel |
| 2019 | 902407010 CORONA SABLE RIDGE LLC, | 912 DRAKE AVE JOLIET | Parcel |
| 2019 | 902408010 CORONA SABLE RIDGE LLC, | 8307 HARRIER AVE JOLIET | Parcel |
| 2019 | 902408011 CORONA SABLE RIDGE LLC, | 8305 HARRIER AVE JOLIET | Parcel |
| 2019 | 902408012 CORONA SABLE RIDGE LLC, | 8301 HARRIER AVE JOLIET | Parcel |

| | | | | |
|---|---|---|---|---|
| 2019 | 902408013 | CORONA SABLE RIDGE LLC, | 8209 HARRIER AVE JOLIET | Parcel |
| 2019 | 902408014 | CORONA SABLE RIDGE LLC, | 8207 HARRIER AVE JOLIET | Parcel |
| 2019 | 902408015 | CORONA SABLE RIDGE LLC, | 8205 HARRIER AVE JOLIET | Parcel |
| 2019 | 902408016 | CORONA SABLE RIDGE LLC, | 8203 HARRIER AVE JOLIET | Parcel |
| 2019 | 902409001 | CORONA SABLE RIDGE LLC, | 8308 HOMAN AVE JOLIET | Parcel |
| 2019 | 902409002 | CORONA SABLE RIDGE LLC, | 8306 HOMAN AVE JOLIET | Parcel |
| 2019 | 902409003 | CORONA SABLE RIDGE LLC, | 8304 HOMAN AVE JOLIET | Parcel |
| 2019 | 902409004 | CORONA SABLE RIDGE LLC, | 8302 HOMAN AVE JOLIET | Parcel |
| 2019 | 902409005 | CORONA SABLE RIDGE LLC, | 8300 HOMAN AVE JOLIET | Parcel |
| 2019 | 902474026 | CORONA SABLE RIDGE LLC, | 930 MONARCH ST JOLIET | Parcel |
| 2019 | 902474027 | CORONA SABLE RIDGE LLC, | 928 MONARCH ST JOLIET | Parcel |
| 2019 | 902474028 | CORONA SABLE RIDGE LLC, | 926 MONARCH ST JOLIET | Parcel |
| 2019 | 902474029 | CORONA SABLE RIDGE LLC, | 924 MONARCH ST JOLIET | Parcel |
| 2019 | 902474030 | CORONA SABLE RIDGE LLC, | 922 MONARCH ST JOLIET | Parcel |
| 2019 | 902474031 | CORONA SABLE RIDGE LLC, | 920 MONARCH ST JOLIET | Parcel |
| 2019 | 902474032 | CORONA SABLE RIDGE LLC, | 918 MONARCH ST JOLIET | Parcel |
| 2019 | 902474033 | CORONA SABLE RIDGE LLC, | 916 MONARCH ST JOLIET | Parcel |
| 2019 | 902474034 | CORONA SABLE RIDGE LLC, | 914 MONARCH ST JOLIET | Parcel |
| 2019 | 902474035 | CORONA SABLE RIDGE LLC, | 912 MONARCH ST JOLIET | Parcel |
| 2019 | 902474036 | CORONA SABLE RIDGE LLC, | 910 MONARCH ST JOLIET | Parcel |
| 2019 | 902474037 | CORONA SABLE RIDGE LLC, | 908 MONARCH ST JOLIET | Parcel |
| 2019 | 902474038 | CORONA SABLE RIDGE LLC, | 906 MONARCH ST JOLIET | Parcel |
| 2019 | 902474039 | CORONA SABLE RIDGE LLC, | 904 MONARCH ST JOLIET | Parcel |

**Fill in this information to identify the case:**

Debtor name __Corona Sable Ridge LLC__

United States Bankruptcy Court for the: __Northern District of Texas__

Case number (If known): _____ Chapter __7__

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases
**12/15**

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Subdivision Performance Bond No. 5036399 | Bond Safeguard Insurance Company 900 S. Frontage Road, Suite 250 Woodridge, IL, 60517 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Subdivision Bond No. PB03010400779 | Philadelphia Indemnity Insurance Company 251 S. Lake Ave., Suite 360 Pasadena, CA, 91101 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | Subdivision Bond No. PB03010400780 | Philadelphia Indemnity Insurance Company 251 S. Lake Ave., Suite 360 Pasadena, CA, 91101 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Sable Ridge Master Operating Association Inc. Agreements | Sable Ridge Master Operating Association, Inc. 1115 Sable Ridge Drive Joliet, IL, 60431-6124 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name ___Corona Sable Ridge LLC___

United States Bankruptcy Court for the: ___Northern District of Texas___

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing address | Name | Check all schedules that apply: |
| 2.1 | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | _____ | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name _Corona Sable Ridge LLC_

United States Bankruptcy Court for the: _Northern District of Texas_

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From _____ to Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other | $_____ 0.00 |
| **For prior year:** From _____ to _____<br>MM / DD / YYYY MM / DD / YYYY | ☐ Operating a business<br>☐ Other | $_____ 0.00 |
| **For the year before that:** From _____ to _____<br>MM / DD / YYYY MM / DD / YYYY | ☐ Operating a business<br>☐ Other | $_____ 0.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From _____ to Filing date<br>MM / DD / YYYY | _____ | $_____ 0.00 |
| **For prior year:** From _____ to _____<br>MM / DD / YYYY MM / DD / YYYY | _____ | $_____ 0.00 |
| **For the year before that:** From _____ to _____<br>MM / DD / YYYY MM / DD / YYYY | _____ | $_____ 0.00 |

| | | |
|---|---|---|
| Debtor | Corona Sable Ridge LLC | Case number *(if known)*_____ |
| | Name | |

---

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____<br>Creditor's name<br><br>_____<br>_____ | _____<br>_____<br>_____<br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | _____<br>Creditor's name<br><br>_____<br>_____ | _____<br>_____<br>_____<br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____<br>Insider's name<br><br>_____<br>_____<br><br>**Relationship to debtor**<br>_____ | _____<br>_____<br>_____ | $_____ | |
| 4.2. | _____<br>Insider's name<br><br>_____<br>_____<br><br>**Relationship to debtor**<br>_____ | _____<br>_____<br>_____ | $_____ | |

Debtor     Corona Sable Ridge LLC                        Case number *(if known)* _____
              Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. <br> _____ <br> Creditor's name | | _____ | $_____ |
| 5.2. <br> _____ <br> Creditor's name | | _____ | $_____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ <br> Creditor's name | | _____ | $_____ |

Last 4 digits of account number: XXXX– _____

**Part 3:**    **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. <br><br> **Case number** <br><br> _____ | | | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |
| 7.2. **Case title** <br><br> **Case number** <br><br> _____ | | **Court or agency's name and address** | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

Debtor    Corona Sable Ridge LLC
_____
Name

Case number *(if known)*_____

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| | _____ | _____ Name |
| | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

---

**Part 4:**    **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

**Part 5:**    **Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | _____ | _____ | $_____ |

Debtor    Corona Sable Ridge LLC      Case number *(if known)* _____
      Name

---

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Dykema Gossett PLLC | $25,000 retainer paid October 1, 2020 | 10/07/2020 | $ 25,000.00 |
| | **Address** | | | |
| | 1717 Main St., Suite 4200 Dallas, TX 75201 | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | **Email or website address** | | | |
| | **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | | _____ | $_____ |
| **Trustee** | | | |
| _____ | | | |

---

Debtor     Corona Sable Ridge LLC
           _____     Case number (if known)_____
           Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** | | _____ | $_____ |
| | _____ | | | |
| | **Address** | | | |
| | | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of occupancy | |
|---|---|---|---|
| 14.1. | | From _____ | To _____ |
| 14.2. | | From _____ | To _____ |

Debtor   Corona Sable Ridge LLC
         _____        Case number (if known)_____
         Name

| Part 8: | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name | | _____ |
| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept?<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____<br>Facility name | | _____ |
| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept?<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Part 9: | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No
    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

    Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

    Has the plan been terminated?

    ☐ No
    ☐ Yes

Debtor ___Corona Sable Ridge LLC_____ Case number (if known)_____
          Name

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____<br>Name | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____<br>Name | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br><br>_____<br>Address | | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br><br>_____<br>Address | | | ☐ No<br>☐ Yes |

Debtor     Corona Sable Ridge LLC
_____
     Name

Case number *(if known)*_____

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| _____ | | | |
| Name | | | |

---

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| _____ | | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | | _____ |
| Name | Name | | |

---

Debtor    Corona Sable Ridge LLC
_____
     Name

Case number *(if known)*_____

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | | _____ |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____ Name | | EIN: _____ <br>**Dates business existed** <br>From _____ To _____ |
| 25.2. | _____ Name | | EIN: _____ <br>**Dates business existed** <br>From _____ To _____ |
| 25.3. | _____ Name | | EIN: _____ <br>**Dates business existed** <br>From _____ To _____ |

---

Debtor    Corona Sable Ridge LLC
       <u>Name</u>                                              Case number *(if known)*_____

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26a.1.** Rebecca Creighton <br> <u>Name</u> <br> 3899 Maple Ave., Suite 250, Dallas, Texas 75219 | From _____ <br><br> To _____ |

| Name and address | Dates of service |
|---|---|
| **26a.2.** Shelly Boynton <br> <u>Name</u> <br> 3899 Maple Ave., Suite 250, Dallas, Texas 75219 | From _____ <br><br> To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| **26b.1.** Lane Gorman Trubitt, LLC <br> <u>Name</u> <br> 2626 Howell St # 700, Dallas, TX 75204 | From _____ <br><br> To _____ |

| Name and address | Dates of service |
|---|---|
| **26b.2.** <br> <u>Name</u> | From _____ <br><br> To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| **26c.1.** Corona Sable Ridge LLC <br> <u>Name</u> <br> 3899 Maple Ave., Suite 250, Dallas, Texas 75219 | |

---

Debtor    Corona Sable Ridge LLC
        Name

Case number *(if known)*_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____ <br> Name | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. _____ <br> Name |

| Name and address |
|---|
| 26d.2. _____ <br> Name |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. _____ <br> Name |

Debtor  Corona Sable Ridge LLC
        _____        Case number (if known)_____
        Name

| Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- | --- |
| _____ | | _____ | $_____ |
| Name and address of the person who has possession of inventory records | | | |
| 27.2. | _____ | | |
| | Name | | |

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- | --- |
| Corona Real Estate Holding Company, L.L.C., Delaware limited liability company | 3899 Maple Ave., Suite 250, Dallas, TX 75219 | Parent | 100 |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
| --- | --- | --- | --- |
| | | | _____ To _____ |
| | | | _____ To _____ |
| | | | _____ To _____ |
| | | | _____ To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- |
| 30.1. _____ | _____ | _____ | |
| Name | | | |
| | | _____ | |
| | | _____ | |
| Relationship to debtor | | _____ | |
| _____ | | | |

Debtor   Corona Sable Ridge LLC
_____   Case number (if known)_____
         Name

| | Name and address of recipient | |
|---|---|---|
| 30.2 | Name | |
| | Relationship to debtor | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?
☐ No
☑ Yes. Identify below.

Name of the parent corporation

Corona Land Company, LLC

Employer Identification number of the parent corporation

EIN: ███8429

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?
☑ No
☐ Yes. Identify below.

Name of the pension fund

Employer Identification number of the pension fund

EIN: _____

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/18/2020
             MM / DD / YYYY

✗ _(signature)_____    Printed name  Scott Harris
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Authorized Signatory

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☑ No
☐ Yes